(19 Misc. Rep. 429.)

MOSCOWITZ et al. v. HOMBERGER et al.

(City Court of New York, General Term. February 23, 1897.)

1. INFANTS—SALES OF LAND—RULES OF COURT.
   The general rules of practice relating to the sale of an infant's land (rules 55–59) have the force of statutory requirements, and cannot be waived by the court.

2. SAME—SALE NOT FOR BENEFIT OF INFANT—VALIDITY.
   A sale of an infant's land, not for the infant's benefit, but to remove the cloud from the title of another person, is invalid, though full value was paid for the infant's interest.

3. PLEADINGS—AMENDMENT AT TRIAL.
   The city court, at trial term, has power to allow an amendment of the pleadings to conform them to the proof, where the adverse party is not surprised thereby.

Appeal from trial term.

Action by Joseph Moscowitz and another against George Homberger and others for commissions for procuring a person prepared to make an exchange of real estate with defendants. From a judgment

entered on a decision of the trial judge in favor of plaintiffs, defendants appeal.   Affirmed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Lewis S. Goebel (Edward W. S. Johnson, of counsel), for appellants. David Leventritt, for respondents.

FITZSIMONS, J.   The motion made by the counsel for the parties, both plaintiff and defendant, for a verdict in their favor, respectively, put the court in the place of the jury, and entitled the court to determine the controverted facts.   It found that the equity in the real estate devised to the St. John the Baptist Foundation by Mrs. Folsom was less than the sum of $150,000, and its clear annual income less than the sum fixed by the statute, and therefore its title to such real estate was good and marketable.   The court also determined that the defendant's title to the real estate owned by him was not marketable, and that that was the sole reason why the exchange in question was not consummated.   Both of these findings, we think, were justified by the evidence in this case.   As to the latter finding, even the appellants' counsel admits that, in the proceedings for the sale of the infant Ehler's title or interest in the property now of the defendant, the general rules of practice relating to proceedings for the sale of an infant's real estate was not technically followed, but contends that these apparent irregularities were cured by the court's consent. We cannot agree with this contention, but think that the rules of practice, as well as the statutory requirements, must be strictly followed, to make the sale thereunder valid.   Said rules have, in our judgment, all the force and effect of statutory enactments, and must be adhered to.   Besides this, an examination of these infant proceedings clearly shows that the purpose of the same was not to protect the interests of the infant, but were undertaken solely for the purpose of giving the defendants herein a clear title to the premises in question.   A sale under such circumstances, and made for the purpose just mentioned, is not, we think, a valid one, and cannot divest the infant of her interest in the said property.   The fact that the sale was fair, and that she was paid full value for her holding, does not alter the result.   Weinstock v. Levison (Sup.) 14 N. Y. Supp. 64. For these reasons we think the trial justice was right in his finding that the defendants' title was not a marketable one.

We think no error was committed by the court in granting the plaintiffs' motion to conform the pleadings to the proof.   The sole objection made by the defendant to the granting of such motion was "that the court, at trial term, had no power to conform pleadings to the proof."   We have no doubt of the court's power to do so, unless surprise is claimed, in which event it is usual to withdraw a juror, and send the parties to special term.   No surprise being claimed in this instance, in our judgment the motion was properly granted.

We do not find any exceptions which, in our opinion, entitled the defendant to a new trial; and his exceptions are overruled, and the judgment ordered on the verdict, with costs and a 5 per cent. allowance.   All concur.